RE: PURCHASE OF COMPUTERS FOR COUNTY ASSESSORS BY THE AD VALOREM TAX FORCE.
THIS MEMO IS IN RESPONSE TO YOUR LETTER REQUESTING AN INFORMAL OPINION OF THE ATTORNEY GENERAL ON THE QUESTION:
 CAN THE AD VALOREM TASK FORCE PURCHASE COMPUTER HARDWARE, FOR COUNTY ASSESSORS, THAT WILL BE USED TO RUN A COMPUTER-ASSISTED SYSTEM OF MASS APPRAISAL?
THE AD VALOREM TASK FORCE CREATED BY 68 O.S. 2946.1, IS CHARGED WITH REVIEWING, SURVEYING, DEVELOPING STANDARDS AND SPECIFICATIONS FOR, TRAINING FOR, AND MONITORING A "SYSTEM OF COMPUTER-ASSISTED MASS APPRAISAL FOR AD VALOREM, TAXATION." MORE SPECIFICALLY AND PERTINENTLY IT IS CHARGED BY 68 O.S. 2946.1(C)(8) WITH A DUTY TO:
 "REVIEW AND APPROVE THE DISBURSEMENT OF STATE APPROPRIATED FUNDS FOR THE IMPLEMENTATION OF THE SYSTEM TO THE COUNTIES OF THE STATE(.)"
TITLE 68 O.S. 2947, CREATES A REVOLVING FUND IN THE STATE TREASURY FOR THE OFFICE OF THE STATE AUDITOR AND INSPECTOR AND DESIGNATED THE "COMPUTER-ASSISTED MASS APPRAISAL IMPLEMENTATION FUND." THIS SECTION SAYS THAT
"MONIES APPROPRIATED TO THE FUND SHALL BE EXPENDED BY THE AD VALOREM TASK FORCE FOR THE PURPOSE OF IMPLEMENTING THE VISUAL INSPECTION PROGRAM AND THE COMPUTER-ASSISTED SYSTEM OF MASS APPRAISAL AS REQUIRED BY LAW."
THE QUOTED PORTIONS OF THESE PERTINENT STATUTES APPEAR TO PROVIDE AMPLE AUTHORITY FOR THE PURCHASING OF COMPUTERS FOR USE BY THE RESPECTIVE COUNTY ASSESSORS OF THE STATE IN IMPLEMENTING THE MASS APPRAISAL SYSTEM. IT HAS BEEN SUGGESTED, HOWEVER, THAT THERE MIGHT BE A CONSTITUTIONAL DEFECT IN THESE STATUTES, I. E., THAT THEY MIGHT VIOLATE ARTICLE X, SECTION 20 OF THE STATE CONSTITUTION WHICH SAYS:
 "THE LEGISLATURE SHALL NOT IMPOSE TAXES FOR THE PURPOSE OF ANY COUNTY, CITY, TOWN, OR OTHER MUNICIPAL CORPORATION . . ."
IN THE EARLY CASE OF THURSTON COUNTY TREASURER V. CALDWELL, 40 OKL. 206, 137 P. 683 (1913), OUR SUPREME COURT REVIEWED THIS PROVISION AND LIKE PROVISIONS IN THE CONSTITUTIONS OF SEVERAL OTHER STATES. IT CONCLUDED THAT THERE IS A DISTINCTION BETWEEN "A PURELY MUNICIPAL AFFAIR AND AN AFFAIR OF A MUNICIPAL CHARACTER, IN WHICH THE STATE HAS A SOVEREIGN INTEREST" AND THAT THE QUOTED CONSTITUTIONAL PROVISION DOES NOT APPLY TO THE LATTER DESCRIBED AFFAIRS.
AS EXAMPLES OF THE LATTER TYPE AFFAIR THE OPINION MENTIONS "STATE CONTROL OVER LOCAL POLICE PROTECTION; STATE CONTROL OVER LOCAL TAXATION FOR STREETS, HIGHWAYS AND BRIDGES; STATE CONTROL OVER LOCAL TAXATION FOR SCHOOLS; STATE CONTROL OVER LOCAL TAXATION FOR PUBLIC HEALTH."
IN LATER CASES IT WAS HELD THAT THE QUOTED CONSTITUTIONAL PROVISION DID NOT PRECLUDE THE STATE FROM DEDICATING PART OF THE STATE INSURANCE PREMIUM TAX TO THE THEN MUNICIPAL RETIREMENT SYSTEMS FOR FIREFIGHTERS (WALLACE V. CHILDERS, 198 OKL. 604, 180 P.2D 1005 (1947), OR THE USE OF STATE MOTOR VEHICLE LICENSE TAXES FOR THE PURPOSE OF RETIRING COUNTY ROAD BONDS (PAWNEE COUNTY EXCISE BOARD V. KURN, 187 OKL. 110, 101 P. 2D 614 (1940)). SUFFICIENT "STATE PURPOSE" WAS FOUND IN EACH INSTANCE.
WHILE RECOGNIZING THAT AD VALOREM PROPERTY TAXES ARE RAISED FOR STRICTLY LOCAL PURPOSES, I THIN THE STATE CLEARLY HAS A SOVEREIGN INTEREST IN THE AD VALOREM TAX SYSTEM. I THEREFORE CONCLUDE THAT IT IS NOT UNCONSTITUTIONAL FOR THE AD VALOREM TASK FORCE TO PURCHASE COMPUTER HARDWARE FOR COUNTY TAX ASSESSORS AS PART OF ITS DUTY TO IMPLEMENT THE COMPUTER-ASSISTED SYSTEM FOR MASS APPRAISAL FOR AD VALOREM TAXATION.
(HUGH H. COLLUM)